MURDOCK, Justice
(concurring in the result, but dissenting as to the rationale).
I agree with the main opinion that the power to foreclose by judicial action under § 35-8-17, Ala.Code 1975, does not include the power to foreclose by sale under § 35-8A-316, Ala.Code 1975. Our providing an answer to this question, however, does not resolve the dispute presented. Clearly, West Wind Condominium Association, Inc. (“West Wind”), attempted to pursue to a conclusion only a foreclosure by the power of sale, a power given to it under § 35-8A-316, independent of § 35-8-17. The dis-positive question presented, however, is whether West Wind actually satisfied the prerequisites for conducting a power-of-sale foreclosure or, more precisely, whether it and Joseph London III were entitled to a summary judgment to this effect.
The Court of Civil Appeals considered the issue before it to be whether the letter sent by Robert Vargo, an attorney representing West Wind, and the averments in Vargo’s affidavit were sufficient to establish a prima facie case that West Wind gave Ross the notice required for a power-of-sale foreclosure under § 35-8A-316(a). Because § 35-8A-316(a) requires a condo *50 minium association to give notice of foreclosure “to the unit owner” and because Vargo averred only that he sent notice to Patrick Jones (who Vargo averred was Ross’s attorney), I disagree with the Court of Civil Appeals’ conclusion that West Wind and London established a prima fa-cie case of proper notice under the statute. In fact, West Wind’s showing conclusively demonstrates that the notice required by the statute was not given and therefore that Ross, not West Wind and London, would be entitled to a summary judgment.
By the same token, I disagree with the answer supplied by by the main opinion, which considers the issue to be whether an affidavit executed by Jones in response to Vargo’s affidavit created a genuine issue of material fact as to whether Ross received a proper power-of-sale notice under § 35-8A-316. I agree that Jones’s affidavit constituted substantial evidence creating a genuine issue of fact as to whether Jones represented Ross at the time he received the Vargo letter. I do not agree, however, that whether Jones was Ross’s attorney is something that matters here, i.e., is an issue of “material fact.” This is so because, again, § 35-8A-316(a) requires a condominium association to give notice of its proposed action “to the unit owner.”
Both West Wind’s position that it did present a prima facie case of the requisite notice to Ross and Ross’s position that West Wind failed to do so or that he countered West Wind’s showing with sufficient evidence to create a genuine issue of fact in this regard presuppose that Rule 4.2, Ala. R. Prof. Cond., alters the statutory notice requirement of § 35-8A-316. Rule 4.2 limits the ability of a lawyer for one party to communicate directly with another party who the lawyer knows is represented by counsel. A rule of professional conduct promulgated by this Court, however, cannot alter or countermand a statutory mandate of the nature presented here. Concomitantly, I do not think this Court intended by a rule of professional conduct to alter a statutory mandate of this nature.[2] Furthermore, even if Rule 4.2 prevented an attorney retained by West Wind from giving the statutorily required notice directly to Ross, this would not have prevented West Wind itself from sending that notice directly to Ross, i.e., from sending the statutorily required notice without the aid of an attorney operating under such a restriction.
Alternatively (i.e., even if the statutory requirement of notice to Ross could have been satisfied by the delivery of a notice to Ross’s attorney), the content of the letter presented by West Wind fails to satisfy another statutory prerequisite. Section 35-8A-316(a) requires notice of the actual foreclosure. The letter delivered to Jones in this case (i) advised the reader that West Wind had filed lien claims against the condominium units (a step previously taken by West Wind in anticipation of a judicial-action foreclosure) and (ii) made a demand for payment. As Ross points out, the letter also (iii) contained “a conditional threat of foreclosure proceedings if the payments were not tendered.” Accordingly, Ross contends, the “letter does not constitute a notice of foreclosure.”
Ross is right. The letter simply is not a notice of an actual foreclosure. It is only a threat of a foreclosure if certain conditions are not satisfied. The threat may be of a foreclosure that, if it occurs, will occur imminently, but it is still only a threat of a *51 foreclosure and it is still conditioned on the occurrence of potential future events that might or might not ever occur. The letter does not advise of an actual or present foreclosure. It is not the notice prescribed in § 35-8A-316(a). For this additional reason, West Wind and London were not entitled to a summary judgment; instead, Ross is entitled to such a judgment.
In sum, the record does not reflect a prima facie showing by West Wind that the required power-of-sale statutory notice was given to Jones. Indeed, rather than being able to conclude that West Wind and London were entitled to a summary judgment, I must conclude that it was Ross who was entitled to a summary judgment on the issue of the. validity of the foreclosure. Accordingly, I agree with the main opinion that the judgment of the trial court should be reversed and the case remanded, but I disagree with the rationale upon which the main opinion reaches that conclusion and with the implied instruction that the case be remanded to the trial court for further proceedings. I would remand the cause to the Court of Civil Appeals with instructions that that court in turn remand the case to the trial court for the entry of a judgment consistent with the foregoing analysis.

. When a statute prescribes a specific notice or other condition to a real-property right, it is that specific notice or condition that must be met. Also, a notice of the nature mandated by statute in such a case does no harm of the nature that Rule 4.2 was intended to guard against.